UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

       Plaintiff,

v.                                                     CASE NO:  8:09-cv-352-T-26MAP

GROUP ONE NETWORKS, INC., et al.,

       Defendants.
_____/

**O R D E R**

Upon due consideration of the court file, it is ordered and adjudged that Plaintiff's Motion to Strike Six of Defendants' So-Called Affirmative Defenses (Dkt. 108) is denied. As many courts have observed, a motion to strike affirmative defenses filed pursuant to Rule 12(f) of the Federal Rules of Procedure is a drastic remedy which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may prejudice the opposing party. See, e.g., Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (and cases cited); accord Vaughn v. City of Orlando, 2008 WL 3540434 *2 (M.D. Fla. 2008) (observing that motions to strike are generally disfavored by courts and are often considered "time wasters"). Such is the case here. Plaintiff may renew its objections to

the affirmative defenses within the context of a motion for summary judgment following the close of discovery.

**DONE AND ORDERED** at Tampa, Florida, on June 2, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record